IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| WILLIAM PRICE<br>DEBORAH PRICE<br>FRANK P. CHOVAN<br><br>*on their own behalf and on behalf of*<br>*all others similarly situated,*<br><br>　　　　Plaintiffs,<br><br>v.<br><br>RALPH M. MURDY, et al.<br><br>　　　　Defendants. | <br><br><br><br><br><br><br><br><br><br><br>Case No. 17-736-GLR |

### NAMED PLANTIFFS' MOTION TO STRIKE NEW ARGUMENT FIRST ASSERTED IN REPLY IN SUPPORT OF MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

Plaintiffs William Price, Deborah Price and Frank P. Chovan (hereinafter jointly "Named Plaintiffs"), by and through counsel, Cory L. Zajdel, Esq. and Z Law, LLC, files this Motion to Strike a portion of Defendant Samuel Spicer ("Spicer") Reply in Support of Motion to Dismiss or for Summary Judgment ("Reply").  ECF #21.  For the reasons that follow, the portion of Spicer's Motion related to the failure of Named Plaintiffs to present evidence of payments within the last three (3) years prior to filing the Complaint must be struck from the record and disregarded by the Court.  ECF #21 at 4.

I.  **ARGUMENT**

Spicer's new argument that Named Plaintiffs failed to present evidence sufficient to prove any payments within the last three (3) years should be struck from the record or excluded from consideration in connection with his Motion to Dismiss or for Summary Judgment because the

submission of new arguments in a Reply Brief is fundamentally unfair. Spicer's evidentiary argument that the Named Plaintiffs failed to submit evidence of payment within the last three (3) years would have to fall under Spicer's Summary Judgment portion of his Motion. But Spicer did not ask for Summary Judgment on evidence he submitted with his Motion. Rather, Spicer argued relying on the Amended Complaint that Named Plaintiffs failed to state a claim even though they alleged making payments within the last three (3) years. ECF #18 at 9-11 (arguing that Named Plaintiffs' claims are time barred because accrual of a cause of action is determined by the date the transaction is entered into between the parties); ECF #19 at 33 (*citing* Amended Complaint at ¶¶ 69-71, 87, 104-06 and 122 as basis for assertion that payments were made within the last three years).

     In his Reply, Spicer argued that the allegations contained in the Amended Complaint cannot be true because the repayment history attached to Named Plaintiffs' Opposition (ECF #19-2 and 19-3) identify no payments made by Named Plaintiffs. ECF #21 at 4. But this argument is short sighted for several reasons. First, Named Plaintiffs did not request Summary Judgment and have no burden of proving that payments were made within the last three years. Named Plaintiffs alleged in the Amended Complaint that payments were made within the last three years and Spicer did not submit an affidavit to the contrary. The allegations contained in the Amended Complaint were unopposed at the time the Motion was filed. In addition, the repayment histories were submitted as part of the Opposition to the Motion to uncover the sleight of hand Defendants tried to pull on this Court related to the argument that the loans entered into between Named Plaintiffs and Spicer was for more than the statutory maximum of six thousand dollars. These repayment histories were submitted as public records not as an admission by Named Plaintiffs of the veracity of the statements contained there within. Named Plaintiffs

alleged that they made payments to Spicer in 2014 and 2015 and Spicer submitted no evidence to the contrary, regardless of whether the repayment history identifies the payments or not. If Spicer truly believed that he received no payments from Named Plaintiffs in 2014 and 2015, he could have submitted a declaration to that effect. My gut tells me he did not filed a declaration representing this position because there is no sleight of hand when you speak under the penalty of perjury (as opposed to when you make a completely unfounded factual argument based on a fact you know to be untrue - amount of the loan greater than $6,000).

The case law in this District makes it clear that an argument first raised in a reply brief "may not be considered by the Court," and "[c]ourts have broad discretion to decline to consider arguments or issues first raised in a reply brief." *Goodman v. Praxair Services, Inc.*, 632 F. Supp. 2d 494, 512 n.8 (D. Md. 2009). *See also Clawson v. FedEx Ground Package Sys.*, 451 F. Supp. 2d 731, 734-5 (D. Md. 2006) ("[t]he ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered."); *Stevens v. Anne Arundel County Bd. of Educ.*, 2009 WL 3806374 at *2 n.8 (D. Md. Nov. 12, 2009) (same). In the appellate context, the United States Court of Appeals for the Fourth Circuit has consistently refused to consider issues raised for the first time in a reply brief. *See United States v. Brooks*, 524 F.3d 549, 556 n.11 (4th Cir. 2008); *Yousefi v. United States INS*, 260 F.3d 318, 326 (4th Cir. 2001) ("Because [the] opening brief fails to raise a challenge to [a basis for the agency's decision], he has abandoned it. The fact that [he] pursues this issue in his reply brief does not redeem his failure to do so in the opening brief.") (internal citations omitted). The new evidentiary based summary judgment argument in Spicer's Reply (ECF #21 at 4) is therefore inappropriate for consideration in connection with

3

his Motion to Dismiss or in the Alternative for Summary Judgment and should be struck from the record and excluded from consideration.

Where, as here, a party has been prevented from responding to the new evidentiary based summary judgment argument through Spicer's tactical decision to raise it for the first time in his Reply, the new argument should be struck as they were in *Goodman*, *Stevens* and other cases.

### III. CONCLUSION

For all of the foregoing reasons, Named Plaintiffs respectfully requests that the Court strike and exclude from consideration Spicer's new statute of limitations evidentiary based argument raised for the first time in its Reply (ECF #21 at 4) and removing the new arguments from the record.  Alternatively, should Your Honor determine that it would be more fair for the parties to state under oath whether any payments were made in 2014 or 2015, Named Plaintiffs request that the Court hold a short evidentiary hearing in which Named Plaintiffs, Spicer and Murdy can testify under oath as to the last date any payments were made on these loans.  By this alternative method, the Court can determine whether Spicer is holding any further tricks up his sleeve or whether the argument presented to the Court is based on an undisputed fact.

                                      Respectfully submitted,

                                      Z LAW, LLC

Dated: October 2, 2017            By:      /s/   28191
                                            Cory L. Zajdel, Esq.
                                            2345 York Road, Suite #B-13
                                            Timonium, Maryland 21093
                                            (443) 213-1977
                                            clz@zlawmaryland.com

                                            **Attorney for Named Plaintiffs**